IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZIZA JAWAD, SHADI JAWAD, JAD JAWAD,<br><br>    Plaintiffs,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | CASE NO. CV-F-04-6649 OWW LJO<br><br>**ORDER ON MOTION TO CHANGE VENUE**<br><br>**VACATED: Guardian ad Litem hearing:**<br>Date: May 11, 2005<br>Time: 9:00 a.m.<br>Dept.: 6 (LJO) |

    Plaintiffs Aziza Jawad, Shadi Jawad and Jad Jawad ("plaintiffs") proceed in propria persona in this action which appears to seek judicial review of an administrative decision denying plaintiffs' claim for benefits under the Social Security Act.

    On December 6, 2004, plaintiffs filed a complaint under the Social Security Act. Plaintiffs' complaint states that they are United States' citizens currently residing in the West Bank of Jordan. Plaintiff Aziza Jawad is the mother of the two remaining minor plaintiffs Shadi Jawad and Jad Jawad. This Court issued orders to show cause for appointment of a guardian ad litem and for plaintiff to retain an attorney to represent the minors. The Court then set a hearing for May 11, 2005 for the proposed guardian, the minors' uncle, to appear and be appointed.

    On April 11, 2005, the Commissioner of Social Security moved for a change of venue to the District Court for the District of Columbia.

    Under 42 U.S.C. §405(g), venue is proper in the District of Columbia when the plaintiff does not reside in the district.

> Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such district, in the United States District Court for the District of Columbia. 42 U.S.C. §405(g)(second sentence).

Plaintiffs reside in Jordan. Therefore, the government argues that the matter should be transferred to the District of Columbia. The government argues that even if the Uncle is appointed guardian ad litem for the children, the change of venue would still be appropriate because Mrs. Jawad is not a resident of the Eastern District of California.

The statute is clear on its face. Plaintiffs do not reside in the Eastern District of California. Therefore, proper venue is in the United States District Court for the District of Columbia.

Even if the uncle were appointed as guardian, proper venue is in the United States District Court for the District of Columbia. The Uncle is not the "plaintiff", but the minor-plaintiffs' representative.

## Order

For the foregoing reasons, the Court orders as follows:

1. The above entitled action is TRANSFERRED to the United States District Court for the District of Columbia.

2. Plaintiff's are DIRECTED to re-serve the summons and the complaint on the United States Attorney for the District of Columbia within 30 days after plaintiffs have been served with notice that the action has been reassigned in the District of Columbia.

3. Defendant shall have ninety days from the date of service on the United States Attorney for the District of Columbia to respond to the complaint.

4. The hearing for appointment of the Guardian Ad Litem for May 11, 2005 is VACATED.

IT IS SO ORDERED.

**Dated:   May 2, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE